Filed 7/15/24  P. v. Haney CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE, | 2d Crim. No. B331162 |
| Plaintiff and Respondent, | (Super. Ct. No. KA127819-01) (Los Angeles County) |
| v. | |
| DEJUAN ANTWON HANEY, | |
| Defendant and Appellant. | |

Dejuan Antwon Haney appeals from the trial court's order awarding victim restitution pursuant to Penal Code section 1202.4[1] after he was convicted by jury of petty theft.  He contends the trial court erred in ordering victim restitution to a person who was not a victim or other person entitled to restitution under the statute.  The People agree.  We vacate the trial court's restitution order and remand with directions.

---

[1] Unless otherwise stated, all further statutory references are to the Penal Code.

*Facts and Procedural Background*

In May 2021, appellant visited the Pomona Auto Outlet and placed a $3,000 deposit on a used car. The car needed repairs before it could be test driven so the dealership sent the car to a third-party mechanic.

Appellant returned to the dealership to test drive the car but decided he did not like it and asked for a refund of his deposit. The dealership's finance manager, Amauri Navarro, told appellant to come back the following day. Appellant did so and Navarro issued a $3,000 refund check. When Navarro left his desk to make a copy of the check, appellant opened the cash drawer and took approximately $4,400 in cash. After Navarro discovered the theft, he reported it to police and placed a stop payment order on the refund check.

In March 2022, appellant was charged in a felony information with one count of grand theft (§ 487, subd. (a)) but was convicted by jury of the lesser offense of petty theft (§ 484, subd. (a)).

*Victim Restitution*

In December 2022, the trial court conducted a formal probation and sentencing hearing and heard argument regarding victim restitution. The prosecution asked that Navarro, who was present, be awarded $450 to compensate him for lost wages. The prosecution also informed the trial court that Pomona Auto Outlet had since closed and the business owner had moved out of the country, but that Navarro was "in touch with the previous manager" and could "provide any restitution" to him.

After hearing argument and considering the evidence, the trial court found "the total amount of victim restitution [was] $1,850 to be paid to the victims in the case."[2]

In making its oral ruling, the trial court explained, "the total amount of loss suffered by the victim by the theft itself was $4,400 . . . offset by the $3,000 . . . for a total of $1,400 balance owed to the victim, plus the additional funds [$450] to the victim for the lost days of work by having to come to court on multiple occasions [and] offer testimony."

*Discussion*

Appellant contends, and the People agree, the trial court erred in awarding lost wages to Navarro because he does not qualify as a "victim" within the meaning of the restitution statute.

Restitution is constitutionally required "in every case in which a victim has suffered economic loss as a result of the defendant's conduct," regardless of the sentence or disposition imposed. (§ 1202.4, subds. (a)(1), (f); Cal. Const., art. I, § 28, subd. (b)(13)(B).)

Although Navarro is a person who has sustained economic loss as a result of appellant's crime, he does not qualify as a "victim" or other person entitled to restitution because he does not meet the additional criteria required by the statute. (See § 1202.4, subd. (k)(3).)

Pomona Auto Outlet, on the other hand, does meet the statutory requirement for restitution as "[a] corporation, business

---

[2] The minute order from the restitution hearing provides, "Defendant is to make restitution to the victim Amauri Navarro pursuant to Penal Code Section 1202.4, [subdivision] (f), in the amount of $1,850."

trust, estate, trust, partnership, association, joint venture, government, governmental subdivision, agency, or instrumentality, or any other legal or commercial entity . . . [that] is a direct victim of a crime." (§ 1202.4, subd. (k)(2).) "A direct victim is a victim against whom a defendant has committed a crime. [Citation.]" (*People v. Sy* (2014) 223 Cal.App.4th 44, 62-63.)

Because it is not clear from the trial court's ruling whether the $1,400 restitution award was awarded to Pomona Auto Outlet or Navarro, remand for a new restitution hearing is the proper remedy to correct and clarify any confusion regarding the trial court's restitution order. (See *People v. Waldie* (2009) 173 Cal.App.4th 358, 368.)

*Disposition*

The victim restitution order is vacated and the matter is remanded for the trial court to conduct a new restitution hearing in accordance with section 1202.4. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.


                                                    YEGAN, J.

We concur:


        GILBERT, P. J.


        BALTODANO, J.

4

Mike Camacho, Judge
Superior Court County of Los Angeles

_____

The Law Collaborative and Patricia S. Snyder, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Wyatt E. Bloomfield, Supervising Deputy Attorney General, Lindsay Boyd, Deputy Attorney General, for Plaintiff and Respondent.